No. 9710.
Orleans Appeal.

RANDOLPH DENNIS v. MRS. EMILY
KYLE, Appellant.

(November 3, 1924, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Citation and Appearance, Par. 23.**
A citation addressed to a married woman and served at her domicile in the hands of her husband· residing there is a valid foundation for a judgment.
**(Act 179 of 1918 and Code Practice, Art. 192.—Editor's Note.)**

2. **Louisiana Digest, Appeal, Par. 430.**
In the absence of evidence in the record the presumption is that the trial judge had sufficient evidence before him to justify the judgment.

Appeal from First City Court, Hon. Leon L. Labatt, Judge.

This is a suit for a real estate broker's commission. Judgment for plaintiff. Defendant appealed.

Judgment affirmed.

McGee & Dobbins, attorneys for plaintiff and appellee.

L. H. Gosserand, attorney for defendant and appellant.

CLAIBORNE, J. This is a suit for a real estate broker's commission.

Plaintiff averred that he secured from the defendant the following contract:

"I hereby appoint R. Dennis my exclusive agent and authorize my agent to sell my property known as No. 37-38 Rosemary Street for the price and sum of Eight Hundred Dollars. When this property is sold I agree and bind myself to pay my agent a commission of net. It is understood and agreed that my agent's labor ceases when the deposit is put up. My agent is authorized to accept a deposit of 10% of the purchase price and in case of suit by my agent to enforce this contract, I will pay 25% attorney's fees.

Remarks: "It is agreed that agent's commission will be any amount earned above price set by owner."

Signed: "Mrs. Emily Kyle."

The plaintiff further averred that he advertised the property, and endeavored to sell the same, and secured an offer of $900 cash; that when he presented the offer to the defendant she informed him that she had placed the sale in the hands of another real estate broker and had already accepted an offer procured by the other broker. Plaintiff prayed for $100 commission and $25 attorney's fees.

The citation was served on May 26th at defendant's domicile in the hands of her husband.

She failed to answer and judgment by default was taken against her on May 30, 1924.

After an ineffectual effort to obtain a new trial the defendant appealed.

The appellant has made no appearance in this court except by brief, after the case had been argued and submitted by plaintiff and appellee.

In her brief the defendant avers that she 'was never apprised of the suit filed against her until after judgment was rendered".

As we have stated above, she was "apprised of the suit filed against her" by a citation addressed to "Mrs. Emily Kyle". The Sheriff's return upon this citation is as follows: "On the 26th day of May, 1924, served a copy of the within citation and accompanying petition on Mrs. Emily Kyle, defendant herein, by leaving the same at her domicile, 1221 N. Tonti, on the hands of Dr. Kyle, her husband, a person apparently over the age of 18 years, living and residing in said domicile, whose name and other facts connected with this service I learned by interrogating the said Dr. Kyle, her husband, the said Mrs. Emily Kyle being absent from her domicile at time of said service."

No illegality has been pointed out to us in the citation and return and we have detected none. "In suits against married women service shall be made in person, or at her domicile, as in the case of any other

person." Act 179 of 1918, p. 335, S. 3; S. 18. "The return of the Sheriff or Constable shall be conclusive, unless directly attacked; but the attack may be by rule in the same proceeding, if before judgment, but after judgment can only be (by) direct action, but in the same proceeding."

This is the mode provided by law of "apprizing a defendant" that a suit has been filed against him, and it is not in the power of this Court to require any other or further formality.

Defendant further complains that this is a suit to hold her liable "individually and that she has not had a chance to present her side, although she claims to have a serious and valid defense".

She has had her opportunity, but she did not avail herself of it. The law favors the vigilant.

The last contention is that the record contains no evidence to support the judgment. The presumption is that the necessary evidence was produced to the trial judge. If it was not in writing, the appellant should have procured a statement of facts. No. 7697 Ct. App., Beauregard Furniture Co. vs. Saladin, No. 9406.

The appellant has not shown that there is error in the judgment appealed from and it is therefore affirmed.